UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CIVIL ACTION NO. 12-13118

                              DISTRICT JUDGE STEPHEN J. MURPHY, III

v.

                              MAGISTRATE JUDGE MARK A. RANDON

BRENT A. RIELI,

        Defendant.
_____/

**<u>REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT</u>**

**I.    RECOMMENDATION**

For the reasons stated below, this Magistrate Judge **RECOMMENDS** that a Judgment in favor of Plaintiff United States of America ("Plaintiff") be entered against Brent A. Rieli ("Defendant") in the amount of $595,309.53, plus interest and other statutory additions beginning February 21, 2013.

**II.    BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed suit against Defendant to collect unpaid liabilities for federal income taxes. (Dkt. 1). A Summons was issued for Defendant, and he was personally served on October 7, 2012. (Dkt. 3). Defendant has not answered the complaint or otherwise filed a responsive pleading.

The Clerk entered a default against Defendant on December 20, 2012. (Dkt. 5). Before the Court is Plaintiff's motion for default judgment. (Dkt. 7). Despite the passage of several months since the entry of default, Defendant has neither appeared nor responded to Plaintiff's

motion. District Judge Stephen J. Murphy, III referred the motion to this Magistrate Judge for a report and recommendation under 28 U.S.C. § 636(b)(1)(B) (Dkt. 8). The Court heard oral argument on May 7, 2013. Defendant did not appear.

### III.   ANALYSIS

#### A.   Service was Proper

This Magistrate Judge finds Plaintiff properly served Defendant.  The Federal Rules of Civil Procedure permit service on an individual "by delivering a copy of the summons and of the complaint to the individual personally[.]"  Fed. R. Civ. P. 4(e)(2)(A).

#### B.   The Amount of Damages Requested is Reasonable

"Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the complaint, except for those relating to damages." *Microsoft Corp. v. McGee*, 490 F.Supp.2d 874 (S.D. Ohio 2007) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–111 (6th Cir.1995)). "Where the factual allegations of the complaint provide a sufficient legal basis for an entry of a default judgment, the court then conducts an inquiry to ascertain the amount of damages." *Coach, Inc. v. Cellular Planet*, 2010 WL 1853424 at *3 (S.D. Ohio May 7, 2010).

This Magistrate Judge has reviewed Plaintiff's Complaint and Declaration (Dkts. 1, 7-1) and finds they provide a sufficient legal basis for entry of a default judgment against Defendant for unpaid federal income taxes, penalties, and interest for tax years 2000, 2001, 2002, 2003, 2004, 2005, 2006 and 2008.

Plaintiff's request for $595,309.53 in damages, plus interest and penalties, is also reasonable.  Plaintiff's Declaration states that for each tax year at issue, a delegate of the

Secretary of the Treasury made assessments for outstanding income tax, penalties and interest against Defendant. (Dkt. 7-1 ¶ 3). For each tax year, a delegate of the Secretary of the Treasury also gave notice of the assessments to Defendant and demanded his payment of the unpaid balance due. (Dkt. 7-1 ¶ 4).

**IV.   CONCLUSION**

For the reasons stated above, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion be **GRANTED** and Judgment be entered in favor of the United States and against Brent A. Rieli for $595,309.53, plus interest and other statutory additions beginning February 21, 2013.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address

each issue contained within the objections specifically and in the same order raised.

                                            s/Mark A. Randon
                                            MARK A. RANDON
                                            UNITED STATES MAGISTRATE JUDGE

Dated: May 7, 2013

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, May 7, 2013, electronically.*

                                            *s/Felicia Moses Acting for Eddrey Butts*
                                            *Case Manager to Magistrate Judge Mark A. Randon*